UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL |
| This Document Relates To:<br><br>1:23-cv-12478<br>1:23-cv-12281<br>1:23-cv-12561<br>1:24-cv-11523<br>1:23-cv-12226<br>1:23-cv-12273 | |

**DECLARATION OF GARY F. LYNCH IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS FOR THE SETTLEMENT CLASS REPRESENTATIVES**

I, Gary F. Lynch, pursuant to 28 U.S.C. § 1746 declares as follows:

1.      I am an attorney licensed in Pennsylvania and New York and have been admitted to practice before the Supreme Court of the United States and numerous federal appellate and district courts. I have been appointed by this Court to serve as Co-Lead Counsel for MDL Plaintiffs and have been active in all aspects of this Litigation. I submit this Declaration in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Settlement Class Representatives (the "Declaration"). The information set forth in this Declaration is based upon my personal knowledge.

2.      I am a founding member of the law firm of Lynch Carpenter, LLP ("Lynch Carpenter" or the "Firm") and have been engaged in the practice of law for over thirty years, with

-1-

the majority of my career spent representing plaintiffs in the litigation of complex civil cases and class actions. The primary focus of my practice is data breach and data privacy litigation.

3. I have spent the bulk of my professional time representing individual and institutional plaintiffs in class action and multi-district litigation throughout the country and am currently serving, or have served, as lead/co-lead counsel in numerous federal and state class actions and multi-district proceedings, including, among others: *In re Wawa, Inc. Data Sec. Litig.*, No. 19-cv-6019 (E.D. Pa.) (appointed co-lead of consolidated data breach on behalf of financial institution plaintiffs and reached a $37 million settlement for the financial institution class, as mediated by former Magistrate Judge Diane Welsh; final approval pending); *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, No. 1:17-md-02800 (N.D. Ga.) (appointed co-lead MDL counsel on behalf of financial institution plaintiffs and reached a $7.75 million settlement for the financial institution class); *In re Home Depot Data Breach Litig.*, No. 1:14-md-2583 (N.D. Ga.) (same and $27 million settlement for the financial institution class); *First Choice Fed. Credit Union v. The Wendy's Co*., No. 2:16-cv-00506 (W.D. Pa.) ($50 million settlement for the financial institution class); *Dittman v. UPMC d/b/a The Univ. of Pittsburgh Med. Ctr.*, No. GD 14-003285 (Pa. Ct. Com. Pl.) (lead counsel on behalf of plaintiffs after obtaining reversal before the Pennsylvania Supreme Court); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-356 (W.D. Wash.) ($2.7 million settlement for the financial institution class).

4. In addition to serving as lead counsel in major data breach litigation, I have also served in leadership committee positions in many other data breach/privacy cases, including: *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522 (D. Minn.) (appointed to the Executive Committee managing the litigation on behalf of all plaintiffs (consumers, financial institution, and shareholders). The case was ultimately settled for $10 million (for consumers) and

$39 million (for financial institutions)); *In re Marriott Int'l Customer Data Sec. Breach Litig.*, MDL No. 2879 (D. Md.); *In re: Cmty. Health Sys., Inc.*, *Customer Sec. Data Breach Litig.*, MDL No. 2595, 15-cv-0222 (N.D. Ala.); *In re: Arby's Rest. Grp., Inc. Data Sec. Litig.*, No. 17-mi-55555 (N.D. Ga.); *Greater Chautauqua Fed. Credit Union, et al. v. Kmart Corp.*, No. 15-cv-02228 (N.D. Ill.); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL No. 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement).

5. On January 19, 2024, this Court appointed as Co-Lead Counsel, E. Michelle Drake, Douglas J. McNamara, Karen H. Riebel, Charles E. Schaffer, and myself, appointed as Liaison & Coordinating Counsel, Kristen A. Johnson, and appointed as Committee Chairs, other attorneys. MDL Order No. 8. In conjunction with MDL Order No. 8, the Court entered MDL Order No. 10 on March 28, 2024, empowering Co-Lead Counsel with various roles and responsibilities to efficiently manage this MDL. *See* MDL Order No. 10. Pursuant to MDL Order No. 10, this Court vested Co-Lead Counsel with the responsibility "for coordinating, overseeing and managing the litigation, settlement, and trials (if any) on behalf of the plaintiffs." MDL Order No. 10, ¶ A.

## SUMMARY OF CLASS COUNSEL'S WORK

6. Since their appointment, Co-Lead Counsel, Liaison & Coordinating Counsel, and the Committee Chairs have dedicated tremendous resources to prosecuting the claims of all plaintiffs in this MDL, including resolving the claims asserted against Defendant Nuance Communications ("Nuance" or "Defendant"). This work has been performed on an entirely contingent basis.

7. Co-Lead Counsel and Liaison & Coordinating have negotiated with counsel for all defendants regarding the orderly management of this MDL, resulting in MDL Order No. 13, which

set deadlines for the parties to brief certain threshold issues relating to Article III standing, arbitration, and jurisdiction under the Class Action Fairness Act. MDL Order No. 13.

8. In addition to MDL Order No. 13, Co-Lead Counsel, Liaison & Coordinating Counsel, and the Committee Chairs also successfully negotiated a Stipulated Protective Order and Stipulation and Order for the Production of Documents and ESI for purposes of discovery in this MDL. *See* MDL Order Nos. 15 & 16.

9. After the entry of MDL Order No. 13, the parties continued to negotiate a proposed litigation structure for this MDL, resulting in the Court adopting a modified bellwether structure. MDL Order No. 17.

10. Co-Lead Counsel, Liaison & Coordinating Counsel, the Committee Chairs, and others have conducted an extensive factual investigation and have consulted with a wide range of experts during their investigations. Plaintiffs' Leadership Teams' extensive factual investigation enabled them to draft and file the Omnibus Set of Additional Pleading Facts on behalf of all MDL plaintiffs (ECF No. 908) and later the Amended Bellwether Complaint (ECF No. 1332).

11. Co-Lead Counsel, Liaison & Coordinating Counsel, the Committee Chairs, and others have also prepared and filed comprehensive memoranda of law successfully in opposition to some MDL defendants' motions to dismiss for lack of jurisdiction under the Class Action Fairness Act and all MDL defendants' omnibus motion to dismiss for lack of Article III standing, which the Court denied in large part, finding that "(most) Plaintiffs have standing to pursue their claims." ECF No. 1304.

12. During the bellwether phase of this MDL, Lead Counsel, the Settlement Committee, and counsel for Nuance agreed to mediate the claims asserted against Nuance.

13. Prior to mediation, the parties engaged in informal discovery, in which the parties propounded certain information requests and exchanged extensive information about the Security Incident, including information concerning Nuance's use of MOVEit Transfer, the types of information Nuance exchanged via MOVEit Transfer, the cause and scope of the breach, the number of individuals impacted, and the types of information taken. This information was reviewed by the Settlement Committee and myself and provided Lead Counsel and the Settlement Committee with the information needed to objectively evaluate the strengths and weaknesses of Plaintiffs' and Settlement Class Members' claims.

14. On January 28, 2025, the parties engaged in a full-day mediation session before Judge Diane M. Welsh (Ret.). The good-faith, hard-fought negotiations were successful, resulting in an agreement in principle.

15. Following the mediation, the parties engaged in a series of further arm's-length discussions as the parties continued to negotiate, draft, and finalize the terms of the Settlement Agreement. The finalized Settlement Agreement was fully executed as of July 25, 2025, and was preliminarily approved by the Court on August 14, 2025. ECF No. 1534.

16. Following preliminary approval, Co-Lead Counsel and the Settlement Committee have worked with the Settlement Administrator to implement the notice program and have been fielding inquiries from Settlement Class Members who are interested in learning more about the Settlement. Class Counsel and the Settlement Committee anticipate spending a significant amount of time in the coming weeks continuing to respond to Settlement Class Members; drafting and filing the motion for final approval; and preparing for and attending the final approval hearing, as well as post-settlement work and administration.

## **LODESTAR AND EXPENSES**

17. The complex nature of this MDL makes it difficult, if not impossible, for Plaintiffs' counsel to fully segregate tasks and hours on a defendant-by-defendant basis.

18. The proposed Nuance Settlement is the fourth settlement submitted for approval to the Court in this MDL to date. The three prior settlements have each been finally approved (ECF Nos. 1432, 1485, & 1610), resulting in a cumulative fee and expense award of $3,262,500.00. The settlements that have been achieved thus far, including the Nuance Settlement, have each been the result of the successful work performed litigating the claims of all plaintiffs in this MDL.

19. Rather than reporting all hours worked in the entire MDL, or artificially limiting the representation of hours that contributed to this outcome to those spent on exclusively Nuance-directed tasks (such as the settlement negotiations), Class Counsel have chosen a middle ground approach in submitting their Lodestar for Pleadings and Other Motions in conjunction with their fee application.

20. The hours provided for purposes of this cross check reflect Class Counsel's middle ground approach. These hours include only Class Counsel's work on the following tasks: "Pleadings" and "Other Written Motions / Submissions." Class Counsel's hours and lodestar for these tasks are provided in the Declaration of Alyson Oliver, filed concurrently herewith.

21. Class Counsel believe that using this limited subset of Plaintiffs' counsel's MDL lodestar allows the Court to perform a reasonable cross-check without requiring the overly burdensome and inevitably arbitrary process of apportioning some percentage of the significant volume of work to each individual defendant.

22. The hourly rates for Class Counsel's attorneys and professional support staff are consistent with the rates approved by courts across the country for attorneys and paralegals of similar experience in complex actions like this one.

23. As detailed in the Oliver Declaration, Class Counsel have reported 6,336.3 hours of professional time expended on the prosecution of this MDL on Pleadings and Other Motions through August 31, 2025. This represents a lodestar of $4,811,075.50, using Class Counsel's hourly rates. All Class Counsel performed this work on an entirely contingent basis.

24. The requested fee award of $2,125,000.00, representing twenty-five percent of the Settlement Fund, along with the previous awards of $3,262,500.00, results in a multiplier of approximately 1.12.

25. Class Counsel's lodestar figures do not include charges for expense items. Expense items are billed separately, and such charges and not duplicated in the firms' current billing rates.

26. Below is a summary of the total expenses for which Class Counsel seek reimbursement:

| **Expenses** | |
|---|---|
| **Category** | **Amount** |
| Mediation | $19,040.00 |
| Travel / Lodging / Meals | $3,670.39 |
| Expert Consultation | $3,000.00 |
| **Total:** | **$25,710.00** |

27. Class Counsel incurred $25,710.00 in expenses that were reasonably necessary to the prosecution of the claims against Nuance.

28. I believe the expenses for which Co-Lead Counsel seek reimbursement are a reasonable amount and were necessary for the effective and efficient prosecution of the claims against Nuance. I also believe that the expenses submitted are of type normally charged to and paid by fee-paying clients.

## SETTLEMENT CLASS REPRESENTATIVES' CONTRIBUTION TO THE DEVELOPMENT AND PROSECUTION OF THE LITIGATION AGAINST NUANCE

29. The Settlement Class Representatives' help was instrumental in prosecuting the claims against Nuance.

30. The Settlement Class Representatives performed valuable services for members of the Settlement Class by bringing their claims to Class Counsel for investigation, agreeing to serve as representative plaintiffs, reviewing the complaints, remaining available to consult with Class Counsel when necessary regarding the progress of the litigation, and reviewing the progress of the litigation. Additionally, Plaintiffs provided information informally via the mediation process, and were prepared to search for and produce documents, respond to written discovery requests, and were prepared to give deposition testimony. Plaintiffs' cooperation and participation in this litigation were beneficial in helping guide the litigation against Nuance and to develop damages models.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 3, 2025, in Pittsburgh, Pennsylvania.

                                               */s/ Gary F. Lynch*
                                               Gary F. Lynch
                                               LYNCH CARPENTER, LLP
                                               1133 Penn Avenue, 5th Floor
                                               Pittsburgh, PA 15222
                                               Tel: (412) 322-9243
                                               Fax: (412) 231-0246
                                               Gary@lcllp.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: November 3, 2025                     */s/ Kristen A. Johnson*
                                            Kristen A. Johnson (BBO# 667261)